NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUBASH KHADKA, | No. 18-70744 |
| Petitioner, | Agency No. A208-927-534 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2019**
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,*** District
Judge.

Petitioner Subash Khadka seeks review of the final order of the Board of

Immigration Appeals ("BIA") affirming the decision of an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

("IJ") denying Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Petitioner is a native and citizen of Nepal. He entered the United States on March 31, 2016. An asylum officer conducted a credible fear interview and referred Petitioner's case to the immigration court. After a hearing before the IJ, at which Petitioner was represented by counsel, the IJ issued an oral decision finding Petitioner removable and denying Petitioner's applications. The BIA dismissed Petitioner's appeal.

2. To qualify for asylum, an applicant must show past "persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Al-Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001) (quoting 8 U.S.C. § 1101(a)(42)(A)). A well-founded fear of persecution must be both "subjectively genuine" and "objectively reasonable." *Id*. To qualify for withholding of removal, an applicant must show that "it is more likely than not that he would be subject to persecution" because of a protected ground. *Id*. (quoting *I.N.S. v. Stevic*, 467 U.S. 407, 429–30 (1984)). To qualify for relief under the CAT, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

3. An adverse credibility determination alone, when properly based on substantial evidence, is enough to support the denial of asylum, withholding of removal, and relief under the CAT. *Shrestha v. Holder*, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010). In evaluating credibility, the IJ must consider "the totality of the circumstances, and all relevant factors," including "demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* at 1039–40 (alterations in original) (citing Pub. L. No. 109–13, Div. B, §§ 101(a)(3), 101(c), 101(d), 119 Stat. 231, 303 (2005) (codified at 8 U.S.C. §§ 1158(b)(1)(B)(iii) (asylum); 1231(b)(3)(C) (adopting the standard in 8 U.S.C. § 1158(b)(1)(B) for withholding of removal); 1229a(c)(4)(C) (all other relief))); *see also Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (stating that courts "afford a healthy measure of deference to agency credibility determinations," because IJs are able "to assess demeanor and other credibility cues") (internal quotation marks omitted). Although that standard is deferential, there must be a "specific cogent reason" for an adverse credibility

3

finding. *Shrestha*, 590 F.3d at 1042; *see also Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) (same). Further, "[t]he lack of detail in a petitioner's asylum application may be a relevant factor for assessing credibility." *Lizhi Qiu*, 944 F.3d at 844 (citing *Shrestha*, 590 F.3d at 1040).

4. The IJ concluded that Petitioner did not testify credibly. Among other things, the IJ noted that Petitioner testified that he sought medical attention after he was first attacked by the Maoists but did not mention that during any of his earlier statements to immigration officials or in his asylum application. Petitioner explained that he simply forgot previously to mention his medical treatment.[1] The IJ found that evidence of medical treatment was important to Petitioner's claim and that Petitioner's failure to mention it previously was "highly suspect." The BIA affirmed the IJ's decision, indicating that Petitioner's omission of the fact that he sought medical treatment was significant because it was material to his asylum claim and Petitioner's explanation that he forgot to mention that fact in his prior statements was not persuasive.

5. Substantial evidence supports the BIA's adverse credibility

---

[1] Petitioner tries to explain his omission by pointing to evidence of his depression. But that explanation is unexhausted so we cannot consider it. Although he may have presented some evidence of depression, he appears not to have argued that the depression created problems that caused him not to testify clearly. Nor did he appeal the competency determination made by another IJ following a competency hearing or raise any challenge to the competency colloquy conducted by the IJ who decided his case on the merits.

4

determination and its conclusion that Petitioner failed to demonstrate eligibility for asylum, withholding of removal, or relief under the CAT.[2] Petitioner's earlier omission of the fact that he sought medical treatment was significant because it was material to his asylum claim. Further, both the IJ and the BIA found that Petitioner's explanation that he forgot to mention that fact in his prior statements was not credible.

**PETITION FOR REVIEW DENIED.**

---

[2] Petitioner challenges the denial of CAT relief on the ground that the BIA's decision at one point referred to the country conditions in India, rather than Nepal. But the BIA otherwise referred correctly to Nepal throughout the opinion and cited extensively to the IJ's discussion of Nepal, so this scrivener's error does not warrant relief.